# EXHIBIT A

State Court Pleadings

ELECTRONICALLY FILED - 2022 Oct 12 3:35 PM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100661

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| | ) |
| COUNTY OF CHEROKEE | ) 7TH JUDICIAL CIRCUIT |
| | ) |
| | ) |
| JANE DOE 1, JANE DOE 2, JOHN DOE 1, AND | ) |
| JOHN DOE 2, | ) Case No: 2022-CP-11-____ |
| | ) |
| Plaintiffs, | ) |
| v. | ) **SUMMONS** |
| | ) **(jury trial demanded)** |
| COLLINS MURPHY, LIMESTONE | ) |
| UNIVERSITY, a/k/a LIMESTONE COLLEGE, | ) |
| BRENDA F. WATKINS, SHARON HAMMONDS, | ) |
| MINDGEEK HOLDING a/k/a MINDGEEK USA | ) |
| INC., a/k/a MG HOLDINGS USA CORP., d/b/a | ) |
| PORNHUB.COM, and HAMMY MEDIA LTD. | ) |
| d/b/a XHAMSTER.COM, | ) |
| | ) |
| Defendants. | ) |

**TO THE DEFENDANTS ABOVE-NAMED:**

**YOU ARE HEREBY SUMMONED** and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

[ signatures on next page ]

1

ELECTRONICALLY FILED - 2022 Oct 12 3:35 PM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100661

**WESLEY D. FEW, LLC**

___/s/Wesley D. Few/_____
Wesley D. Few, S.C. Bar No. 15565
P.O. Box 9398
Greenville, South Carolina 29604
864-527-5906 | wes@wesleyfew.com

**H. COOPER ELLENBERG**
Attorney at Law
H. Cooper Ellenberg[1]
1401 Doug Baker Blvd., Suite 107 492
Birmingham, Alabama 35242
(205) 908-1790 | cooper.ellenberg@gmail.com

**OBY T. ROGERS, PLLC**
Attorney at Law
Oby T. Rogers[1]
Post Office Box 700
Collins, Mississippi 39428
(601) 765-1000 | ObyT1000@aol.com

ATTORNEYS FOR PLAINTIFFS JANE DOE 1,
JANE DOE 2, JOHN DOE 1 AND JOHN DOE 2

October 12, 2022
Greenville, South Carolina

---

[1] Applications for *pro hac vice* admission to be submitted.

2

ELECTRONICALLY FILED - 2022 Oct 12 3:35 PM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100661

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF CHEROKEE | ) | 7TH JUDICIAL CIRCUIT |
| | ) | |
| | ) | |
| JANE DOE 1, JANE DOE 2, JOHN DOE 1, AND | ) | |
| JOHN DOE 2, | ) | Case No: 2022-CP-11-_____ |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | **COMPLAINT** |
| | ) | **(jury trial demanded)** |
| COLLINS MURPHY, LIMESTONE | ) | |
| UNIVERSITY, a/k/a LIMESTONE COLLEGE, | ) | |
| BRENDA F. WATKINS, SHARON HAMMONDS, | ) | |
| MINDGEEK HOLDING a/k/a MINDGEEK USA | ) | |
| INC., a/k/a MG HOLDINGS USA CORP., d/b/a | ) | |
| PORNHUB.COM, and HAMMY MEDIA LTD. | ) | |
| d/b/a XHAMSTER.COM, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The Plaintiffs, complaining of the Defendants, would respectfully show unto the Court the following:

1.     This action arises from the Defendant Collins Murphy's (hereinafter referred to as "Defendant Murphy") intentional act of placing one or more hidden cameras in the locker room of a Limestone College facility. The camera or cameras were used for the purpose of surreptitiously filming the Plaintiffs and other women in all stages of undress and then posting the video footage onto the Co-Defendants websites.

2.     The failure of Defendant Limestone College to reasonably investigate Collins Murphy throughout its hiring process, or to supervise him appropriately during his employment, resulted in the invasion of the Plaintiffs' privacy and severe emotional distress.

3.     The deliberate motivation of Defendants MG Holdings USA, Corp. and Hammy Media Ltd. that lead to the creation of sexually lewd content for financial gain, which resulted in

ELECTRONICALLY FILED - 2022 Oct 12 3:35 PM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100661

the surreptitious filming of innocent female college students who can never regain their innocence nor their peace of mind as lewd images of them have appeared on the internet without their knowledge or consent.

## **PARTIES**

4.      Plaintiff, Jane Doe 1 (hereinafter referred to as "Plaintiff 1"), is a resident citizen of Texas. At the time the video or videos are believed to have been recorded, Plaintiff 1 was a student-athlete at the University of Montevallo in Shelby County, Alabama and resided on or near its campus at times according to its academic and athletic calendars.

5.      Plaintiff, Jane Doe 2 (hereinafter referred to as "Plaintiff 2"), is a resident citizen of Texas. At the time the video or videos are believed to have been recorded, Plaintiff 2 was a student-athlete at the University of Montevallo in Shelby County, Alabama, and resided on or near its campus during their academic and athletic obligations.

6.      Plaintiff, John Doe 1 (hereinafter referred to as "Plaintiff 1S"), is a resident citizen of Texas, and is the spouse of Plaintiff 1.

7.      Plaintiff, John Doe 2 (hereinafter referred to as "Plaintiff 2S"), is a resident citizen of Texas, and is the spouse of Plaintiff 2. Plaintiff 1, Plaintiff 2, Plaintiff 1S and Plaintiff 2S may hereafter be collectively referred to as Plaintiffs.

8.      Defendant Limestone University, a/k/a Limestone College (hereinafter referred as "Defendant Limestone") is, and at all times relevant and material to this action was a private co-ed liberal arts college located at 1115 College Drive, Gaffney, South Carolina 29340, and carries out its business by and through its agents, servants, and / or employees, and is therefore directly and vicariously liable for the wrongful acts described in this Complaint.

ELECTRONICALLY FILED - 2022 Oct 12 3:35 PM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100661

9. Defendant Collins Murphy (hereinafter "Defendant Murphy"), upon information and belief, is an adult citizen and resident of Rockville, Maryland. At the time of the incident or incidents giving rise to the Plaintiffs' complaint, Defendant Collins Murphy was employed by Co-Defendant Limestone College in its athletic and recreation department.

10. Defendant Brenda F. Wakins is a resident and citizen of Gaffney, South Carolina was is believed to be, at all times relevant to this action, Director of Human Resources for Limestone College.

11. Defendant Sharon Hammonds is a resident and citizen of Gaffney, South Carolina, was is believed to be, at all times relevant to this action, Director of Human Resources for Limestone College.

12. Under the doctrine of *respondeat superior*, Defendant Limestone was and is responsible for the actions and conduct of Defendant Murphy done while employed by Limestone as its agent and employee and Defendants are thereby jointly and severally liable to Plaintiffs for their injuries and damages.

13. Defendant MindGeek SARL a/k/a MindGeek USA Inc. a/k/a MG Holdings USA Corp., d/b/a Pornhub.com (hereinafter referred to as "Defendant Pornhub") is a Canadian company with headquarters located at 21800 Oxnard St., Suite 150, Woodland Hills, CA 91367.

14. Upon information and belief Defendant Pornhub endorses, coordinates, and participates in the creation of sexually lewd content and monetizes its creation through payment by ad revenues generated by said content to those who have conspired with them.

15. Upon information and belief Defendant Pornhub, since beginning the practice of paying for lewd content views, has received several takedown notices by women who did not consent to be filmed in content posted on their website.

ELECTRONICALLY FILED - 2022 Oct 12 3:35 PM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100661

16.     Defendant Hammy Media Ltd. d/b/a xHamster.com (hereinafter referred to as "Defendant xHamster") is a pornographic media company that is headquartered at P.O. Box 59532, Limassol, 4010 Cyprus and has a US office in Houston Texas.

17.     Upon information and belief, like Defendant Pornhub, Defendant xHamster endorses, coordinates, and participates in the creation of lewd sexual content by monetizing it through ad revenue payments made to those who have conspired with them.

18.     Upon information and belief Defendant xHamster has received takedown notices by women who did not consent to be filmed in content present on their website.

19.     Both Defendant Pornhub and Defendant xHamster have made purposeful electronic contacts with the State of South Carolina which resulted in a cause of action recognized by South Carolina.

## JURISDICTION AND VENUE

20.     The incidents that form the basis and subject matter of this case occurred in Cherokee County in South Carolina, Defendants are citizens and residents of the County, and / or conducted business or owned property in the County.

21.     Jurisdiction and venue are proper in this court under S.C. Code § 15-7-30.

## FACTS

22.      The relevant and consistent allegations contained in the above Paragraphs are incorporated by reference as if stated verbatim herein.

23.      During the time period of 2011 and 2012, Defendant Murphy was employed by Alderson Broaddus University (hereafter "ABU") in Philippi, West Virginia. Upon information and belief, Defendant Murphy was employed as an assistant women's basketball coach and resident director.

ELECTRONICALLY FILED - 2022 Oct 12 3:35 PM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100661

24.     Upon information and belief, in August of 2012, Defendant Murphy was hired by Defendant Limestone College with the express knowledge and consent of its officers, employees, agents, and / or others working on its behalf, including but not limited to Defendants Watkins and Hammonds, in a capacity giving him access to locker rooms used by visiting female athletes at Limestone College.

25.     Upon information and belief, prior to August of 2012, allegations had been levied against Defendant Murphy regarding inappropriate conduct towards women that were students and / or student-athletes of institutions of higher learning wherein Defendant Murphy had been employed.

26.     Upon information and belief, the Defendants Limestone College, Watkins, and / or Hammonds failed to conduct a reasonable investigation of Defendant Murphy as would be expected of reasonable and prudent administrators of a college or university.

27.     Upon further information and belief, the Defendants Limestone College, Watkins, and / or Hammonds failed to investigate adequately the background of Defendant Murphy, including but not limited to allegations made against him in prior employment.

28.     In October 2012 and September 2013, Defendant Murphy was employed in the athletic and recreation department by Defendant Limestone College such that he had access to the Defendant Limestone College's locker room facilities and had knowledge of the athletic competitions that took place at Defendant Limestone College.

29.     At all times relevant to this action, and while acting within the course and scope of his employment and duties with Defendant Limestone College, Defendants Limestone College, Watkins, and / or Hammonds, provided Defendant Murphy with access to and / or

ELECTRONICALLY FILED - 2022 Oct 12 3:35 PM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100661

control over the athletic and recreational facilities at Defendant Limestone College, including, but not limited to, the locker room facilities.

30.     Upon information and belief, on, about, or prior to September 21, 2013, Defendant Murphy placed a hidden video camera device within a locker room facility of Defendant Limestone College for the purpose of videotaping Plaintiffs, their teammates, and other women student-athletes while the women were showering and in various states of undressing.

31.     On or about September 21, 2013, Plaintiffs and their teammates competed in intercollegiate volleyball against Limestone College on Limestone's campus, and were directed by Defendant Limestone College, Watkins, and / or Hammonds, to use the visiting men's locker room facility at Limestone College before and after the game.

32.     While in the locker room facility of Defendant Limestone College, Plaintiffs changed clothes and showered such that they were in various states of nudity and undress while present in the locker room.

33.     Plaintiffs had a reasonable expectation of privacy while dressing, undressing, showering, and changing in the locker room.

34.     On or about September 21, 2013, Plaintiffs were, in fact, videotaped by the camera placed in the locker room by Defendant Murphy while Plaintiffs were in various states of undress without their knowledge, permission, or consent.

35.     Upon information and belief, Defendant Murphy left employment with the Defendant Limestone College in October of 2014.

36.     On or about October 18, 2014, Defendant Murphy confessed to the prior video recording of the women basketball players at ABU.

ELECTRONICALLY FILED - 2022 Oct 12 3:35 PM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100661

37.    On or about November 1, 2019, Defendant Murphy was indicted on five felony counts of burglary by a Barbour County, West Virginia Grand Jury.

38.    Defendant Murphy was found to be civilly responsible to victims of his tortuous recordings and dissemination at ABU by a Barbour County, West Virginia jury in September of 2018.

39.    Upon information and belief, at some point in 2019 and / or prior thereto and unbeknownst to the Plaintiffs, the Defendant Murphy caused the videos of the Plaintiffs that were taken in the Defendant Limestone College locker room to be uploaded to, published on, and distributed to internet sites known as Pornhub.com and Xhamster.com and possibly other sites. Upon further information and belief, Defendant Murphy received remuneration for the videos he disseminated to the pornography websites.

40.    Upon information and belief, the Gaffney Police department commenced an investigation regarding the recordings taken in the locker room of the Defendant Limestone College.

41.    The Plaintiffs learned of the existence of the videotape on or about October 13, 2019, and had no previous knowledge of any of the Defendants' tortious actions giving rise to the Plaintiffs' complaint. However, the identity of Defendant Collins Murphy and his status as an employee of Limestone College, were not made known to the Plaintiffs until some period of time after the Gaffney Police, upon information and belief, released Defendant Collins Murphy's name as a person of interest concerning the incidents giving rise to the Plaintiffs' complaint, on or about May 21, 2020.

ELECTRONICALLY FILED - 2022 Oct 12 3:35 PM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100661

42.     Upon information and belief, Defendant Murphy continues to possess, upload, forward and / or disseminate the nude videos of Plaintiffs obtained from the hidden cameras in the locker room of the Defendant Limestone College.

43.     As a direct and proximate result of the secret and unauthorized videotaping and the dissemination and publishing of the videos to other individuals and the general public on the Pornhub.com and Xhamster.com sites, Plaintiffs have sustained and will continue to sustain, injuries and damages, including but not limited to anxiety, humiliation, embarrassment, damage to self-esteem, difficulties in interpersonal relationships, damage to reputation, serious mental and emotional distress and mental pain and suffering.

## COUNT ONE
## INVASION OF PRIVACY

44.     The relevant and consistent allegations contained in the above Paragraphs are incorporated by reference as if stated verbatim herein.

45.     Defendant Murphy, in his capacity as an employee and agent of Defendant Limestone College, was given access to and / or control over the locker room facilities of the Defendant Limestone College.

46.     In 2012 and / or 2013, Defendant Murphy used the access expressly granted to him by the Defendant Limestone College to place a hidden video camera in Defendant Limestone's locker room which thereafter captured video and images of the Plaintiffs while each was in various states of undress.

47.     The secret and unauthorized videotaping which occurred on or about September 21, 2013, by Defendant Murphy of the Plaintiffs constitutes an intrusion in to the private affairs of the Plaintiffs.

ELECTRONICALLY FILED - 2022 Oct 12 3:35 PM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100661

48.     The intrusion was and is highly offensive, substantial, and unreasonable to a reasonable person such that it constitutes a blatant and shocking disregard of Plaintiffs' rights.

49.     The secret and unauthorized videotaping by Defendant Murphy was intentional.

50.     As a direct and proximate result of the conduct by Defendants, Plaintiffs have sustained the injuries and damages, including but not limited to anxiety, humiliation, embarrassment, damage to self-esteem, difficulties in interpersonal relationships, damage to reputation, serious mental and emotional distress and mental pain and suffering.

51.     As a direct and proximate result of the acts and omissions of the Defendants, Plaintiffs are entitled to recover actual and compensatory damages against the Defendants.

52.     Defendants' conduct amounted to a willful and wanton violation of the privacy rights of the Plaintiffs, such that the Plaintiffs are entitled to an award of punitive damages.

## COUNT TWO
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

53.     The relevant and consistent allegations contained in the above Paragraphs are incorporated by reference as if stated verbatim herein.

54.     The 2012 and / or 2013 conduct of Defendant Murphy, in secretly videotaping Plaintiffs while in various states of undress, was done intentionally to inflict severe emotional distress on the Plaintiffs and / or Defendants knew that such distress would likely result from such conduct.

55.     Defendants' 2012 and / or 2013 conduct was so extreme and outrageous that it exceeded all possible bounds of decency and was furthermore atrocious and utterly intolerable in a civilized community.

ELECTRONICALLY FILED - 2022 Oct 12 3:35 PM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100661

56.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have sustained the injuries and damages, including but not limited to anxiety, humiliation, embarrassment, damage to self-esteem, difficulties in interpersonal relationships, damage to reputation, serious mental and emotional distress and mental pain and suffering.

57.     The emotional distress caused by Defendants' wrongful conduct was, and is, so severe such that no reasonable person could be expected to endure it.

58.     As a direct and proximate result of Defendants' wrongful and unlawful conduct, Plaintiffs have sustained the injuries and damages set forth more fully above, including serious mental and emotional injuries and distress.

59.     As a direct and proximate result of the acts and omissions of the Defendants, Plaintiffs are entitled to recover actual and compensatory damages against the Defendants.

60.     Defendants' conduct was willful and wanton and was undertaken in reckless disregard for the rights of the Plaintiffs such that Plaintiffs are entitled to an award of punitive damages.

61.     Defendants' conduct was willful and wanton and was undertaken in reckless disregard for the rights of Plaintiffs, such that Plaintiffs are entitled to an award of punitive damages.

## COUNT THREE
## NEGLIGENT HIRING

62.     The relevant and consistent allegations contained in the above Paragraphs are incorporated by reference as if stated verbatim herein.

63.     Upon information and belief, prior to the August 2012 hiring of Defendant Murphy, upon information and belief, allegations had been made against Defendant Murphy

ELECTRONICALLY FILED - 2022 Oct 12 3:35 PM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100661

regarding inappropriate and tortuous conduct towards women that were student or players of institutions of higher learning wherein the Defendant Murphy had been employed.

64.     The Defendants Limestone College, Watkins, and / or Hammonds failed to conduct a reasonable investigation of Defendant Murphy as would be expected of reasonable and prudent administrators of a college or university.

65.     Prior to being hired by Defendant Limestone College, Defendant Murphy engaged in other inappropriate conduct and behavior involving female student athletes. That inappropriate conduct resulted in investigations by other institution(s) and resulted in his termination.

66.     Defendant Murphy's employment history gave actual or constructive notice to the Defendant Limestone College of the reasonably foreseeable risk to female student athletes in employing Defendant Murphy.

67.     Defendant Limestone College knew or should have known that their employment of Defendant Murphy created an undue risk of harm to female student athletes.

68.     The risk to female student athletes, including the Plaintiffs, could have been discovered by the Defendants through the exercise of a reasonable investigation and through the exercise of reasonable and prudent employment practices.

69.     Defendant Limestone College breached its duty to Plaintiffs and other female student athletes by failing to conform to reasonable employment practices in investigating a prospective employee despite being on actual or constructive notice that Defendant Murphy posed an undue risk to female student-athletes.

70.     The negligent hiring of Defendant Murphy was the direct and proximate cause of the Plaintiffs' injuries and damages as set forth more fully in the foregoing Paragraphs.

ELECTRONICALLY FILED - 2022 Oct 12 3:35 PM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100661

71.     As a direct result of the negligent hiring of Defendant Murphy by Defendants Limestone College, Watkins, and / or Hammond the Plaintiffs are entitled to recover actual and compensatory damages against the Defendants.

## COUNT FOUR
## NEGLIGENT SUPERVISION
### (DEFENDANT LIMESTONE COLLEGE)

72.     The relevant and consistent allegations contained in the above Paragraphs are incorporated by reference as if stated verbatim herein.

73.     Defendant Murphy's conduct of secretly videotaping the Plaintiffs in various states of undress while in a Limestone facility locker room, was done by Defendant Murphy in the course and scope of his employment with Defendant Limestone College, on the property and premises of Defendant Limestone College, and was done while carrying out activities in furtherance of the business of Limestone College as an institution of higher learning.

74.     Defendants Limestone College, Watkins, and / or Hammonds authorized and directed Defendant Murphy, in the course and scope of his employment, and indeed as a part of the expectation of his employment, to enter and access the locker room facility of Defendant Limestone College wherein female student athletes, including the Plaintiffs, would be showering and undressing in conjunction with student athletic events hosted by the Defendant Limestone College.

75.     Defendants Limestone College, Watkins, and / or Hammonds had a duty of care to supervise its employees, including Defendant Murphy, with access to areas of the college in which individual privacy rights could reasonably and foreseeably be violated.

ELECTRONICALLY FILED - 2022 Oct 12 3:35 PM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100661

76. Defendants Limestone College, Watkins, and / or Hammonds had the duty and the ability to control and supervise the acts or omissions of Defendant Murphy and are culpable for the failure to properly do so.

77. Defendant Murphy was acting within the course and scope of his employment and furthering the business of Limestone College when he entered and accessed the locker rooms used by student athletes, and thus the Defendants were able to control and supervise the conduct of Defendant Murphy.

78. Defendants Limestone College, Watkins, and / or Hammonds breached their duty of care owed to the Plaintiffs and other student-athletes by failing to supervise Defendant Murphy's access to areas of the campus wherein female students would be undressing or showering.

79. The failure by the Defendants Limestone College, Watkins and / or Hammonds and / or its officers, employees, agents, or others acting on its behalf, to supervise Defendant Murphy enabled the placement of hidden cameras used to make video recordings of the Plaintiffs while in the various stages of undressing.

80. The negligent supervision of Defendant Murphy was the direct and proximate cause of the Plaintiffs' injuries and damages as set forth more fully in the foregoing Paragraphs.

81. As a direct result of the negligent supervision of Defendant Murphy by Defendants Limestone College, its officers, agents, employees, or others acting on its behalf, the Plaintiffs are entitled to recover actual and compensatory damages against the Defendants.

ELECTRONICALLY FILED - 2022 Oct 12 3:35 PM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100661

## COUNT FIVE
## GROSS NEGLIGENCE

82.     The relevant and consistent allegations contained in the above Paragraphs are incorporated by reference as if stated verbatim herein.

83.     During all times material to the claims herein, the Defendants' acts and omissions amounted to gross negligence, recklessness, and a willful and wanton disregard for the safety and well-being of the Plaintiffs.

84.     The reckless, willful and wanton acts of the Defendants include, but are not limited to, those acts or omissions set forth in the foregoing Paragraphs.

85.     As a direct and proximate result of the willful and wanton acts, as well as the gross negligence of the Defendants, the Plaintiffs sustained injuries and damages, including but not limited to anxiety, humiliation, embarrassment, damage to self-esteem, difficulties in interpersonal relationships, damage to reputation, serious mental and emotional distress and mental pain and suffering.

## COUNT SIX
## LOSS OF CONSORTIUM

86.     The relevant and consistent allegations contained in the above Paragraphs are incorporated by reference as if stated verbatim herein.

87.     The Plaintiff, John Doe 1 / Plaintiff 1S, is the spouse of Plaintiff Jane Doe 1. Pursuant to South Carolina Code Ann. § 15-75-20, Plaintiff John Doe 1 is entitled to recover damages for Loss of Consortium.

ELECTRONICALLY FILED - 2022 Oct 12 3:35 PM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100661

88.     The Plaintiff, John Doe 2 / Plaintiff 2S, is the spouse of Plaintiff Jane Doe 2. Pursuant to South Carolina Code Ann. § 15-75-20, Plaintiff John Doe 2 is entitled to recover damages for Loss of Consortium.

89.     As a direct and proximate result of the acts of negligence, gross negligence, recklessness, willfulness and wantonness of the Defendants described herein, Plaintiffs John Doe 1 / Plaintiff 1S and John Doe 2 / Plaintiff 2S have suffered the tortious deprivation of their wives' companionship, aid, society, and services, and all other damages, both actual and punitive.

90.     Plaintiffs John Doe 1 / Plaintiff 1S and John Doe 2 / Plaintiff 2S are entitled to recover damages for Loss of Consortium in an amount as to be determined by this Court.

## COUNT SEVEN
## FALSE LIGHT

91.     The Plaintiffs incorporate by reference and reassert all previous allegations contained in this complaint as if fully set forth herein.

92.     Defendant Mindgeek and Defendant xHamster both operate and maintain pornographic websites.

93.   Defendant Mindgeek and Defendant xHamster both hosted videos of the Plaintiffs which exposed them in various states of undress and made them available to numerous viewers under the guise of a "spy cam" or "hidden camera" pornographic film.

94.     These surreptitiously recorded videos falsely portray the Plaintiffs as exhibitionists or adult film actors, which the Plaintiffs certainly are not.

95.     These videos of the Plaintiffs are highly offensive and embarrassing and caused the Plaintiffs mental anguish and grief.

ELECTRONICALLY FILED - 2022 Oct 12 3:35 PM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100661

96.     Defendants Mindgeek and xHamster took no steps to verify whether the videos were filmed with the consent of the Plaintiffs, and thus hosted and made these videos available with a reckless and wanton disregard for their offensiveness.

97.     This reckless and wanton disregard depicted the Plaintiffs in a false light and is the direct and proximate cause of their injuries.

## COUNT EIGHT
## CIVIL CONSPIRACY

98.     Plaintiffs incorporate by reference and reassert all previous allegations contained in this Complaint as if fully set forth herein.

99.     The Defendants conspired for the purpose of creating and trafficking sexually lewd content which directly invaded the Plaintiffs' rights to privacy guaranteed by the United States Constitution.  More particularly, the Plaintiffs have been harmed as a direct and proximate result.

100.     During period alleged in this Complaint, defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which resulted in the surreptitious and illegal filming of the Plaintiffs; the publication, republication and dissemination of the resulting videos; and the monetization of illegally obtained content. Such scheme was intended to, and, throughout timeframe alleged in this Complaint, did create content that was published on the Defendant MindGeek's Pornhub website, the xHamster website, and numerous other websites which exposed Plaintiffs to viewers on the internet for profit.

101.     As a direct and proximate result of the improper actions of the Defendants, Plaintiffs have been damaged in actual, consequential, punitive, and special damages.

ELECTRONICALLY FILED - 2022 Oct 12 3:35 PM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100661

## DAMAGES

102.    The relevant and consistent allegations contained in the above Paragraphs are incorporated by reference as if stated verbatim herein.

103.    As a direct and proximate result of the willful and wanton acts, as well as the gross negligence of the Defendants, the Plaintiffs sustained injuries and damages, including but not limited:  a. Anxiety, b. Humiliation; c. Embarrassment; d. Damage to self-esteem; e. Difficulties in interpersonal relationships; f. Damage to reputation; g. Serious mental and emotional distress; h. Mental pain and suffering; and i. Loss of enjoyment of life.

104.    Plaintiffs are entitled to recover actual, special and punitive damages from the Defendants in an amount as to be determined by this Court.

## PUNITIVE DAMAGES

105.    The relevant and consistent allegations contained in the above Paragraphs are incorporated by reference as if stated verbatim herein.

106.    The acts and / or omissions of the Defendants, as stated above, were willful, wanton, and in reckless disregard for the privacy, safety, and well-being of Plaintiffs.  As a direct and proximate result of the willful, wanton, and / or reckless acts and omissions of the Defendants, Plaintiffs have suffered damages as set forth more fully in for foregoing Paragraphs.

107.    The conduct of the Defendants as set forth above justifies an award of punitive damages for each and every claim of the Plaintiffs as set forth herein.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiffs demand a trial by jury pursuant to Rule 38 of the S.C. Rules of Civil Procedure, and pray for judgment against the Defendants, for actual and punitive

damages in an amount to be determined by the jury, for the costs of this action, and for such

other and further relief as this court may deem just and proper.

**WESLEY D. FEW, LLC**

___/s/Wesley D. Few/_____
Wesley D. Few, S.C. Bar No. 15565
P.O. Box 9398
Greenville, South Carolina 29604
864-527-5906 | wes@wesleyfew.com

**H. COOPER ELLENBERG**
Attorney at Law
H. Cooper Ellenberg[1]
1401 Doug Baker Blvd., Suite 107 492
Birmingham, Alabama 35242
(205) 908-1790 | cooper.ellenberg@gmail.com

**OBY T. ROGERS, PLLC**
Attorney at Law
Oby T. Rogers[1]
Post Office Box 700
Collins, Mississippi 39428
(601) 765-1000 | ObyT1000@aol.com

ATTORNEYS FOR PLAINTIFFS JANE DOE 1,
JANE DOE 2, JOHN DOE 1 AND JOHN DOE 2

October 12, 2022
Greenville, South Carolina

---

[1] Applications for *pro hac vice* admission to be submitted.

ELECTRONICALLY FILED - 2022 Oct 12 3:35 PM - CHEROKEE - COMMON PLEAS - CASE#2022CP1100661