## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## SPARTANBURG DIVISION

| | | |
|---|---|---|
| JANE DOE 1, JANE DOE 2, JOHN DOE 1, AND JOHN DOE 2, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No: 7:22-cv-03576-DCC |
| v. | ) ) | |
| COLLINS MURPHY, LIMESTONE UNIVERSITY, BRENDA F. WATKINS, SHARON HAMMONDS, MG FREESITES, LTD. d/b/a PORNHUB.COM, | ) ) ) ) ) | |
| Defendants. | ) ) ) ) | |

### PLAINTIFFS' FIRST AMENDED COMPLAINT

The Plaintiffs, complaining of the Defendants, would respectfully show unto the Court the following:

1.      This action arises from the Defendant Collins Murphy's (hereinafter referred to as "Defendant Murphy") intentional act of placing one or more hidden cameras in the locker room of a Limestone University facility. The camera or cameras were used for the purpose of surreptitiously filming the Plaintiffs and other women in all stages of undress and then posting the video footage onto the Co-Defendants websites.

2.      The failure of Defendant Limestone University to reasonably investigate Collins Murphy throughout its hiring process, or to supervise him appropriately during his employment, resulted in the invasion of the Plaintiffs' privacy and severe emotional distress.

3.      The deliberate motivation of Defendant MG Freesites, Ltd. that lead to the creation of sexually lewd content for financial gain, which resulted in the surreptitious filming of innocent

female college students who can never regain their innocence nor their peace of mind as lewd images of them have appeared on the internet without their knowledge or consent.

## PARTIES

4.      Plaintiff, Jane Doe 1 (hereinafter referred to as "Plaintiff 1"), is a resident citizen of Texas. At the time the video or videos are believed to have been recorded, Plaintiff 1 was a student-athlete at the University of Montevallo in Shelby County, Alabama and resided on or near its campus at times according to its academic and athletic calendars.

5.      Plaintiff, Jane Doe 2 (hereinafter referred to as "Plaintiff 2"), is a resident citizen of Texas. At the time the video or videos are believed to have been recorded, Plaintiff 2 was a student-athlete at the University of Montevallo in Shelby County, Alabama, and resided on or near its campus during their academic and athletic obligations.

6.      Plaintiff, John Doe 1 (hereinafter referred to as "Plaintiff 1S"), is a resident citizen of Texas, and is the spouse of Plaintiff 1.

7.      Plaintiff, John Doe 2 (hereinafter referred to as "Plaintiff 2S"), is a resident citizen of Texas, and is the spouse of Plaintiff 2. Plaintiff 1, Plaintiff 2, Plaintiff 1S and Plaintiff 2S may hereafter be collectively referred to as Plaintiffs.

8.      Defendant Limestone University, a/k/a Limestone University (hereinafter referred as "Defendant Limestone") is, and at all times relevant and material to this action was a private co-ed liberal arts college located at 1115 College Drive, Gaffney, South Carolina 29340, and carries out its business by and through its agents, servants, and / or employees, and is therefore directly and vicariously liable for the wrongful acts described in this Complaint.

9.      Defendant Collins Murphy (hereinafter "Defendant Murphy"), upon information and belief, is an adult citizen and resident of Rockville, Maryland. At the time of the incident or

incidents giving rise to the Plaintiffs' complaint, Defendant Collins Murphy was employed by Co-Defendant Limestone University in its athletic and recreation department.

10.     Defendant Brenda F. Watkins is a resident and citizen of Gaffney, South Carolina was is believed to be, at all times relevant to this action, Director of Human Resources for Limestone University.

11.     Defendant Sharon Hammonds is a resident and citizen of Gaffney, South Carolina, was is believed to be, at all times relevant to this action, Director of Human Resources for Limestone University.

12.     Under the doctrine of *respondeat superior*, Defendant Limestone was and is responsible for the actions and conduct of Defendant Murphy done while employed by Limestone as its agent and employee and Defendants are thereby jointly and severally liable to Plaintiffs for their injuries and damages.

13.     Defendant MG Freesites, Ltd. d/b/a Pornhub.com (hereinafter referred to as "Defendant Pornhub") is a Cyprus company located at Block 1, Dali Industrial Area, 195-197 Old Road Nicosia-Limassol Dali, 2540 Cyprus.

14.     Upon information and belief Defendant Pornhub endorses, coordinates, and participates in the creation of sexually lewd content and monetizes its creation through payment by ad revenues generated by said content to those who have conspired with them.

15.     Upon information and belief Defendant Pornhub, since beginning the practice of paying for lewd content views, has received several takedown notices by women who did not consent to be filmed in content posted on their website.

16.     Defendant Pornhub has made purposeful electronic contacts with the State of South Carolina which resulted in a cause of action recognized by South Carolina.

## JURISDICTION AND VENUE

17.     Jurisdiction and venue are proper in this court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. 1332, and is before the court on removal by one or more of the Defendants.

## FACTS

18.     The relevant and consistent allegations contained in the above Paragraphs are incorporated by reference as if stated verbatim herein.

19.     During the time period of 2011 and 2012, Defendant Murphy was employed by Alderson Broaddus University (hereafter "ABU") in Philippi, West Virginia. Upon information and belief, Defendant Murphy was employed as an assistant women's basketball coach and resident director.

20.     Upon information and belief, in August of 2012, Defendant Murphy was hired by Defendant Limestone University with the express knowledge and consent of its officers, employees, agents, and / or others working on its behalf, including but not limited to Defendants Watkins and Hammonds, in a capacity giving him access to locker rooms used by visiting female athletes at Limestone University.

25.     Upon information and belief, prior to August of 2012, allegations had been levied against Defendant Murphy regarding inappropriate conduct towards women that were students and / or student-athletes of institutions of higher learning wherein Defendant Murphy had been employed.

26.     Upon information and belief, the Defendants Limestone University, Watkins, and / or Hammonds failed to conduct a reasonable investigation of Defendant Murphy as would be expected of reasonable and prudent administrators of a college or university.

27.     Upon further information and belief, the Defendants Limestone University, Watkins, and / or Hammonds failed to investigate adequately the background of Defendant Murphy, including but not limited to allegations made against him in prior employment.

28.     In October 2012 and September 2013, Defendant Murphy was employed in the athletic and recreation department by Defendant Limestone University such that he had access to the Defendant Limestone University's locker room facilities and had knowledge of the athletic competitions that took place at Defendant Limestone University.

29.     At all times relevant to this action, and while acting within the course and scope of his employment and duties with Defendant Limestone University, Defendants Limestone University, Watkins, and / or Hammonds, provided Defendant Murphy with access to and / or control over the athletic and recreational facilities at Defendant Limestone University, including, but not limited to, the locker room facilities.

30.     Upon information and belief, on, about, or prior to September 21, 2013, Defendant Murphy placed a hidden video camera device within a locker room facility of Defendant Limestone University for the purpose of videotaping Plaintiffs, their teammates, and other women student-athletes while the women were showering and in various states of undressing.

31.     On or about September 21, 2013, Plaintiffs and their teammates competed in intercollegiate volleyball against Limestone University on Limestone's campus, and were directed by Defendant Limestone University, Watkins, and / or Hammonds, to use the visiting men's locker room facility at Limestone University before and after the game.

32.     While in the locker room facility of Defendant Limestone University, Plaintiffs changed clothes and showered such that they were in various states of nudity and undress while present in the locker room.

33.     Plaintiffs had a reasonable expectation of privacy while dressing, undressing, showering, and changing in the locker room.

34.     On or about September 21, 2013, Plaintiffs were, in fact, videotaped by the camera placed in the locker room by Defendant Murphy while Plaintiffs were in various states of undress without their knowledge, permission, or consent.

35.     Upon information and belief, Defendant Murphy left employment with the Defendant Limestone University in October of 2014.

36.     On or about October 18, 2014, Defendant Murphy confessed to the prior video recording of the women basketball players at ABU.

37.     On or about November 1, 2019, Defendant Murphy was indicted on five felony counts of burglary by a Barbour County, West Virginia Grand Jury.

38.     Defendant Murphy was found to be civilly responsible to victims of his tortuous recordings and dissemination at ABU by a Barbour County, West Virginia jury in September of 2018.

39.     Upon information and belief, at some point in 2019 and / or prior thereto and unbeknownst to the Plaintiffs, the Defendant Murphy caused the videos of the Plaintiffs that were taken in the Defendant Limestone University locker room to be uploaded to, published on, and distributed to internet sites known as Pornhub.com and Xhamster.com and possibly other sites. Upon further information and belief, Defendant Murphy received remuneration for the videos he disseminated to the pornography websites.

40.     Upon information and belief, the Gaffney Police department commenced an investigation regarding the recordings taken in the locker room of the Defendant Limestone University.

41.     The Plaintiffs learned of the existence of the videotape on or about October 13, 2019, and had no previous knowledge of any of the Defendants' tortious actions giving rise to the Plaintiffs' complaint. However, the identity of Defendant Collins Murphy and his status as an employee of Limestone University, were not made known to the Plaintiffs until some period of time after the Gaffney Police, upon information and belief, released Defendant Collins Murphy's name as a person of interest concerning the incidents giving rise to the Plaintiffs' complaint, on or about May 21, 2020.

42.     Upon information and belief, Defendant Murphy continues to possess, upload, forward and / or disseminate the nude videos of Plaintiffs obtained from the hidden cameras in the locker room of the Defendant Limestone University.

43.     As a direct and proximate result of the secret and unauthorized videotaping and the dissemination and publishing of the videos to other individuals and the general public on the Pornhub.com, Plaintiffs have sustained and will continue to sustain, injuries and damages, including but not limited to anxiety, humiliation, embarrassment, damage to self-esteem, difficulties in interpersonal relationships, damage to reputation, serious mental and emotional distress and mental pain and suffering.

### COUNT ONE
### (DEFENDANTS MURPHY, LIMESTONE, AND PORNHUB)
### INVASION OF PRIVACY:  WRONGFUL APPROPRIATION OF PERSONALITY

44.     The relevant and consistent allegations contained in the above Paragraphs are incorporated by reference as if stated verbatim herein.

45.     Defendant Murphy, in his capacity as an employee and agent of Defendant Limestone University, was given access to and / or control over the locker room facilities of the Defendant Limestone University by Defendant Limestone University.

46.     In 2012 and / or 2013, Defendant Murphy used the access expressly granted to him by the Defendant Limestone University to place a hidden video camera in Defendant Limestone's locker room which thereafter captured video and images of the Plaintiffs while each was in various states of undress.

47.     The secret and unauthorized videotaping of the Plaintiffs which occurred on or about September 21, 2013, by Defendant Murphy constitutes an intrusion in to the private affairs of the Plaintiffs.

48.     The unauthorized uploading of the surreptitiously obtained video, containing video of the Plaintiffs, to one or more websites owned and/or operated by Defendant Pornhub, was done for the benefit of one or more of the Defendants and is a misappropriation of the Plaintiffs' likenesses for the benefit of the Defendants.

49.     Defendant Limestone's assignment of visiting female athletic teams to male locker room facilities for sporting events, granting unfettered access to facilities used for female athletes to dress and undress, on numerous occasions, to a male employee, and its wrongful failure to investigate, adequately investigate, or disclose relevant information to appropriate parties, individuals, and/or authorities, or take other action to prevent the videotaping and/or uploading, permitted the Plaintiffs' likenesses to be used for the benefit of others.

50.     The intrusion was and is highly offensive, substantial, and unreasonable to a reasonable person such that it constitutes a blatant and shocking disregard of Plaintiffs' rights, including the Plaintiffs' enforceable right to their identities/personas.

51.     The secret and unauthorized videotaping by Defendant Murphy was intentional.

52.     As a direct and proximate result of the conduct by Defendants, Plaintiffs have sustained the injuries and damages, including but not limited to anxiety, humiliation,

embarrassment, damage to self-esteem, difficulties in interpersonal relationships, damage to reputation, serious mental and emotional distress and mental pain and suffering.

53.     As a direct and proximate result of the acts and omissions of the Defendants, Plaintiffs are entitled to recover actual and compensatory damages against the Defendants.

54.     Defendants' conduct amounted to a willful and wanton violation of the privacy rights of the Plaintiffs, such that the Plaintiffs are entitled to an award of punitive damages.

## COUNT TWO
## (DEFENDANTS MURPHY, LIMESTONE, AND PORNHUB)
## INVASION OF PRIVACY:  WRONGFUL PUBLICIZING OF PUBLIC AFFAIRS

55.     The relevant and consistent allegations contained in the above Paragraphs are incorporated by reference as if stated verbatim herein.

56.     Defendant Murphy, in his capacity as an employee and agent of Defendant Limestone University, was given access to and / or control over the locker room facilities of the Defendant Limestone University by Defendant Limestone University.

57.     In 2012 and / or 2013, Defendant Murphy used the access expressly granted to him by the Defendant Limestone University to place a hidden video camera in Defendant Limestone's locker room which thereafter captured video and images of the Plaintiffs while each was in various states of undress.

58.     The secret and unauthorized videotaping of the Plaintiffs which occurred on or about September 21, 2013, by Defendant Murphy constitutes an intrusion in to the private affairs of the Plaintiffs.

59.     The unauthorized uploading of the surreptitiously obtained video, containing video of the Plaintiffs, to one or more websites owned and/or operated by Defendant Pornhub, was done

for the benefit of one or more of the Defendants and amount to the wrongful publicizing of the private affairs of the Plaintiffs, in addition to a misappropriation of the Plaintiffs' likenesses.

60.     Defendant Limestone's assignment of visiting female athletic teams to male locker room facilities for sporting events, granting unfettered access to facilities used for female athletes to dress and undress, on numerous occasions, to a male employee, and its wrongful failure to investigate, adequately investigate, or disclose relevant information to appropriate parties, individuals, and/or authorities, or take other action to prevent the videotaping and/or uploading, permitted and enabled the Plaintiffs' private affairs to be wrongfully publicized.

61.     The intrusion was and is highly offensive, substantial, and unreasonable to a reasonable person such that it constitutes a blatant and shocking disregard of Plaintiffs' rights, including the Plaintiffs' enforceable right not to have their private affairs wrongfully publicized.

62.     The secret and unauthorized videotaping by Defendant Murphy was intentional.

63.     As a direct and proximate result of the conduct by Defendants, Plaintiffs have sustained the injuries and damages, including but not limited to anxiety, humiliation, embarrassment, damage to self-esteem, difficulties in interpersonal relationships, damage to reputation, serious mental and emotional distress and mental pain and suffering.

64.     As a direct and proximate result of the acts and omissions of the Defendants, Plaintiffs are entitled to recover actual and compensatory damages against the Defendants.

65.     Defendants' conduct amounted to a willful and wanton violation of the privacy rights of the Plaintiffs, such that the Plaintiffs are entitled to an award of punitive damages.

## COUNT THREE
## (DEFENDANTS MURPHY, LIMESTONE, AND PORNHUB)
## INVASION OF PRIVACY:  WRONGFUL INTRUSION UPON PRIVATE AFFAIRS

66.     The relevant and consistent allegations contained in the above Paragraphs are incorporated by reference as if stated verbatim herein.

67.     Defendant Murphy, in his capacity as an employee and agent of Defendant Limestone University, was given access to and / or control over the locker room facilities of the Defendant Limestone University by Defendant Limestone University.

68.     In 2012 and / or 2013, Defendant Murphy used the access expressly granted to him by the Defendant Limestone University to place a hidden video camera in Defendant Limestone's locker room which thereafter captured video and images of the Plaintiffs while each was in various states of undress.

69.     The secret and unauthorized videotaping of the Plaintiffs which occurred on or about September 21, 2013, by Defendant Murphy constitutes a wrongful intrusion in to the private affairs of the Plaintiffs, and the Plaintiffs privacy while dressing and undressing is certainly a private matter.

70.     The unauthorized uploading of the surreptitiously obtained video, containing video of the Plaintiffs, to one or more websites owned and/or operated by Defendant Pornhub, was a wrongful intrusion upon the private affairs of the Plaintiffs.

71.     Defendant Limestone's assignment of visiting female athletic teams to male locker room facilities for sporting events, granting unfettered access to facilities used for female athletes to dress and undress, on numerous occasions, to a male employee, and its wrongful failure to investigate, adequately investigate, or disclose relevant information to appropriate parties,

individuals, and/or authorities, or take other action to prevent the videotaping and/or uploading, permitted the Plaintiffs' private affairs to be intruded upon.

72.     The intrusion was and is highly offensive, substantial, and unreasonable to a reasonable person such that it constitutes a blatant and shocking disregard of Plaintiffs' rights, including the Plaintiffs' enforceable right to not have their private affairs made public.

73.     The secret and unauthorized videotaping by Defendant Murphy was intentional.

74.     As a direct and proximate result of the conduct by Defendants, Plaintiffs have sustained the injuries and damages, including but not limited to anxiety, humiliation, embarrassment, damage to self-esteem, difficulties in interpersonal relationships, damage to reputation, serious mental and emotional distress and mental pain and suffering.

75.     As a direct and proximate result of the acts and omissions of the Defendants, Plaintiffs are entitled to recover actual and compensatory damages against the Defendants.

76.     Defendants' conduct amounted to a willful and wanton violation of the privacy rights of the Plaintiffs, such that the Plaintiffs are entitled to an award of punitive damages.

**COUNT FOUR**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

77.     The relevant and consistent allegations contained in the above Paragraphs are incorporated by reference as if stated verbatim herein.

78.     The 2012 and / or 2013 conduct of Defendant Murphy, in secretly videotaping Plaintiffs while in various states of undress, was done intentionally to inflict severe emotional distress on the Plaintiffs and / or Defendants knew that such distress would likely result from such conduct.

79.     Defendant Limestone's assignment of visiting female athletic teams to male locker room facilities for sporting events, granting unfettered access to facilities used for female athletes to dress and undress, on numerous occasions, to a male employee, and its wrongful failure to investigate, adequately investigate, or disclose relevant information to appropriate parties, individuals, and/or authorities, or take other action to prevent the videotaping and/or uploading, were wrongful acts that resulted in the intentional infliction of emotional distress to the Plaintiffs.

80.     The unauthorized uploading of the surreptitiously obtained video, containing video of the Plaintiffs, to one or more websites owned and/or operated by Defendant Pornhub, and Defendant Pornhub's willful hosting of, and making the video available to the public, were wrongful acts that resulted in the intentional infliction of emotional distress on the Plaintiffs.

81.     Defendants' 2012 and / or 2013 conduct was so extreme and outrageous that it exceeded all possible bounds of decency and was furthermore atrocious and utterly intolerable in a civilized community.

82.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have sustained the injuries and damages, including but not limited to anxiety, humiliation, embarrassment, damage to self-esteem, difficulties in interpersonal relationships, damage to reputation, serious mental and emotional distress and mental pain and suffering.

83.     The emotional distress caused by Defendants' wrongful conduct was, and is, so severe such that no reasonable person could be expected to endure it.

84.     As a direct and proximate result of Defendants' wrongful and unlawful conduct, Plaintiffs have sustained the injuries and damages set forth more fully above, including serious mental and emotional injuries and distress.

85. As a direct and proximate result of the acts and omissions of the Defendants, Plaintiffs are entitled to recover actual and compensatory damages against the Defendants.

86. Defendants' conduct was willful and wanton and was undertaken in reckless disregard for the rights of the Plaintiffs such that Plaintiffs are entitled to an award of punitive damages.

87. Defendants' conduct was willful and wanton and was undertaken in reckless disregard for the rights of Plaintiffs, such that Plaintiffs are entitled to an award of punitive damages.

## COUNT FOUR
## (DEFENDANTS LIMESTONE, WATKINS, AND HAMMONDS)
## NEGLIGENT HIRING

88. The relevant and consistent allegations contained in the above Paragraphs are incorporated by reference as if stated verbatim herein.

89. Upon information and belief, prior to the August 2012 hiring of Defendant Murphy, upon information and belief, allegations had been made against Defendant Murphy regarding inappropriate and tortuous conduct towards women that were student or players of institutions of higher learning wherein the Defendant Murphy had been employed.

90. The Defendants Limestone University, Watkins, and / or Hammonds failed to conduct a reasonable investigation of Defendant Murphy as would be expected of reasonable and prudent administrators of a college or university.

91. Prior to being hired by Defendant Limestone University, Defendant Murphy engaged in other inappropriate conduct and behavior involving female student athletes. That inappropriate conduct resulted in investigations by other institution(s) and resulted in his termination.

14

92.     Defendant Murphy's employment history gave actual or constructive notice to the Defendant Limestone University of the reasonably foreseeable risk to female student athletes in employing Defendant Murphy.

93.     Defendant Limestone University knew or should have known that their employment of Defendant Murphy created an undue risk of harm to female student athletes.

94.     The risk to female student athletes, including the Plaintiffs, could have been discovered by the Defendants through the exercise of a reasonable investigation and through the exercise of reasonable and prudent employment practices.

95.     Defendant Limestone University breached its duty to Plaintiffs and other female student athletes by failing to conform to reasonable employment practices in investigating a prospective employee despite being on actual or constructive notice that Defendant Murphy posed an undue risk to female student-athletes.

96.     The negligent hiring of Defendant Murphy was the direct and proximate cause of the Plaintiffs' injuries and damages as set forth more fully in the foregoing Paragraphs.

97.     As a direct result of the negligent hiring of Defendant Murphy by Defendants Limestone University, Watkins, and / or Hammonds, the Plaintiffs are entitled to recover actual and compensatory damages against the Defendants.

## COUNT FIVE
## (DEFENDANTS LIMESTONE UNIVERSITY, WATKINS, AND HAMMONDS)
## NEGLIGENT SUPERVISION

98.     The relevant and consistent allegations contained in the above Paragraphs are incorporated by reference as if stated verbatim herein.

99.     Defendant Murphy's conduct of secretly videotaping the Plaintiffs in various states of undress while in a Limestone facility locker room, was done by Defendant Murphy in the course

and scope of his employment with Defendant Limestone University, on the property and premises of Defendant Limestone University, and was done while carrying out activities in furtherance of the business of Limestone University as an institution of higher learning.

100.    Defendants Limestone University, Watkins, and / or Hammonds authorized and directed Defendant Murphy, in the course and scope of his employment, and indeed as a part of the expectation of his employment, to enter and access the locker room facility of Defendant Limestone University wherein female student athletes, including the Plaintiffs, would be showering and undressing in conjunction with student athletic events hosted by the Defendant Limestone University.

101.    Defendants Limestone University, Watkins, and / or Hammonds had a duty of care to supervise its employees, including Defendant Murphy, with access to areas of the college in which individual privacy rights could reasonably and foreseeably be violated.

102.    Defendants Limestone University, Watkins, and / or Hammonds had the duty and the ability to control and supervise the acts or omissions of Defendant Murphy and are culpable for the failure to properly do so.

103.    Defendant Murphy was acting within the course and scope of his employment and furthering the business of Limestone University when he entered and accessed the locker rooms used by student athletes, and thus the Defendants were able to control and supervise the conduct of Defendant Murphy.

104.    Defendants Limestone University, Watkins, and / or Hammonds breached their duty of care owed to the Plaintiffs and other student-athletes by failing to supervise Defendant Murphy's access to areas of the campus wherein female students would be undressing or showering.

105.    The failure by the Defendants Limestone University, Watkins and / or Hammonds and / or its officers, employees, agents, or others acting on its behalf, to supervise Defendant Murphy enabled the placement of hidden cameras used to make video recordings of the Plaintiffs while in the various stages of undressing.

106.    The negligent supervision of Defendant Murphy was the direct and proximate cause of the Plaintiffs' injuries and damages as set forth more fully in the foregoing Paragraphs.

107.    As a direct result of the negligent supervision of Defendant Murphy by Defendants Limestone University, its officers, agents, employees, or others acting on its behalf, the Plaintiffs are entitled to recover actual and compensatory damages against the Defendants.

**COUNT SIX**
**(ALL DEFENDANTS)**
**GROSS NEGLIGENCE**

108.    The relevant and consistent allegations contained in the above Paragraphs are incorporated by reference as if stated verbatim herein.

109.    During all times material to the claims herein, the Defendants' acts and omissions amounted to gross negligence, recklessness, and a willful and wanton disregard for the safety and well-being of the Plaintiffs.

110.    The reckless, willful and wanton acts of the Defendants include, but are not limited to, those acts or omissions set forth in the foregoing Paragraphs.

111.    As a direct and proximate result of the willful and wanton acts, as well as the gross negligence and deliberate indifference of the Defendants, the Plaintiffs sustained injuries and damages, including but not limited to anxiety, humiliation, embarrassment, damage to self-esteem, difficulties in interpersonal relationships, damage to reputation, serious mental and emotional distress and mental pain and suffering.

### COUNT SEVEN
### (ALL DEFENDANTS)
### LOSS OF CONSORTIUM

112.    The relevant and consistent allegations contained in the above Paragraphs are incorporated by reference as if stated verbatim herein.

113.    The Plaintiff, John Doe 1 / Plaintiff 1S, is the spouse of Plaintiff Jane Doe 1. Pursuant to South Carolina Code Ann. § 15-75-20, Plaintiff John Doe 1 is entitled to recover damages for Loss of Consortium.

114.    The Plaintiff, John Doe 2 / Plaintiff 2S, is the spouse of Plaintiff Jane Doe 2. Pursuant to South Carolina Code Ann. § 15-75-20, Plaintiff John Doe 2 is entitled to recover damages for Loss of Consortium.

115.    As a direct and proximate result of the acts of negligence, gross negligence, recklessness, willfulness and wantonness of the Defendants described herein, Plaintiffs John Doe 1 / Plaintiff 1S and John Doe 2 / Plaintiff 2S have suffered the tortious deprivation of their wives' companionship, aid, society, and services, and all other damages, both actual and punitive.

116.    Plaintiffs John Doe 1 / Plaintiff 1S and John Doe 2 / Plaintiff 2S are entitled to recover damages for Loss of Consortium in an amount as to be determined by this Court.

### COUNT EIGHT
### CIVIL CONSPIRACY

117.    Plaintiffs incorporate by reference and reassert all previous allegations contained in this Complaint as if fully set forth herein.

118.    The Defendants combined, agreed, and/or conspired for the purpose of creating and trafficking sexually lewd content which directly invaded the Plaintiffs' rights to privacy guaranteed by the United States Constitution, the laws of the United States, and of the State of

South Carolina. More particularly, the Plaintiffs have been harmed as a direct and proximate result.

119. During period alleged in this Complaint, defendants combined in a plan, scheme, conspiracy and/or manner and course of conduct, pursuant to which they knowingly or recklessly engaged in overt acts, omissions, transactions, practices and courses of business which resulted in the surreptitious and illegal filming of the Plaintiffs; the publication, republication and dissemination of the resulting videos; and the monetization of illegally obtained content. Such scheme was intended to, and, throughout timeframe alleged in this Complaint, did create content that was published on the Defendant Pornhub's website and numerous other websites which exposed Plaintiffs to viewers on the internet for profit and/or other benefit to the Defendants.

120. Defendant Limestone's assignment of visiting female athletic teams to male locker room facilities for sporting events, granting unfettered access to facilities used for female athletes to dress and undress, on numerous occasions, to a male employee, and its wrongful failure to investigate, adequately investigate, or disclose relevant information to appropriate parties, individuals, and/or authorities, or take other action to prevent the videotaping and/or uploading, combined with the conduct of the other Defendants in a manner wrongfully causing harm to the Plaintiffs.

121. As a direct and proximate result of the improper actions of the Defendants, Plaintiffs have been damaged in actual, consequential, punitive, and special damages.

## COUNT NINE
### (DEFENDANT PORNHUB)
### NEGLIGENCE PER SE

122. The relevant and consistent allegations contained in the above Paragraphs are incorporated by reference as if stated verbatim herein.

123.    Defendant Pornhub, as an adult-content website host and/or media content host, is subject to record-keeping requirements under 18 U.S.C. § 2257, in order to ensure that adult-content performers are not minors. In order to satisfy this requirement, Pornhub would have necessarily been required to know the identities, and ages, of the Plaintiffs depicted in the videos it published on its website(s).

124.    The Plaintiffs identities and ages were wholly unknown to Defendant Pornhub at the time it published the videos of the Plaintiffs and throughout the duration during which it remained published on Pornhub's website(s).

125.    A meaningful effort to comply with the identity and age requirements of 18 U.S.C. § 2257, a statute designed to ensure the age of majority, and consent of, adult-content performers, would have revealed that the Plaintiffs' identities and ages were completely unknown to Pornhub, and that publication of such material was without consent and contrary to law.

## **DAMAGES**

126.    The relevant and consistent allegations contained in the above Paragraphs are incorporated by reference as if stated verbatim herein.

127.    As a direct and proximate result of the willful and wanton acts, as well as the gross negligence of the Defendants, the Plaintiffs sustained injuries and damages, including but not limited:  a. Anxiety, b. Humiliation; c. Embarrassment; d. Damage to self-esteem; e. Difficulties in interpersonal relationships; f. Damage to reputation; g. Serious mental and emotional distress; h. Mental pain and suffering; and i. Loss of enjoyment of life.

128.    Plaintiffs are entitled to recover actual, special and punitive damages from the Defendants in an amount as to be determined by this Court.

## PUNITIVE DAMAGES

129.    The relevant and consistent allegations contained in the above Paragraphs are incorporated by reference as if stated verbatim herein.

130.    The acts and / or omissions of the Defendants, as stated above, were willful, wanton, and in reckless disregard for the privacy, safety, and well-being of Plaintiffs.  As a direct and proximate result of the willful, wanton, and / or reckless acts and omissions of the Defendants, Plaintiffs have suffered damages as set forth more fully in for foregoing Paragraphs.

131.    The conduct of the Defendants as set forth above justifies an award of punitive damages for each and every claim of the Plaintiffs as set forth herein.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiffs demand a trial by jury, and pray for judgment against the Defendants, for actual and punitive damages in an amount to be determined by the jury, for the costs of this action, and for such other and further relief as this court may deem just and proper.

**[signature on following page]**

**WESLEY D. FEW, LLC**

_____/s/Wesley D. Few/_____
Wesley D. Few, S.C. Bar No. 15565
P.O. Box 9398
Greenville, South Carolina 29604
864-527-5906 | wes@wesleyfew.com

**H. COOPER ELLENBERG**
Attorney at Law
H. Cooper Ellenberg[1]
1401 Doug Baker Blvd., Suite 107 492
Birmingham, Alabama 35242
(205) 908-1790 | cooper.ellenberg@gmail.com

**OBY T. ROGERS, PLLC**
Attorney at Law
Oby T. Rogers[1]
Post Office Box 700
Collins, Mississippi 39428
(601) 765-1000 | ObyT1000@aol.com

ATTORNEYS FOR PLAINTIFFS JANE DOE 1,
JANE DOE 2, JOHN DOE 1 AND JOHN DOE 2

December 7, 2022
Greenville, South Carolina

---

[1] Applications for *pro hac vice* admission to be submitted.