IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Jane Doe 1, Jane Doe 2, John Doe 1, and John Doe 2, | ) )  ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| Collins Murphy, Limestone University, Brenda F. Watkins, Sharon Hammonds, and MG Freesites, LTD. d/b/a Pornhub.com, | ) ) ) ) ) ) |
| Defendants. | ) ) |

C.A. No. 7:22-cv-03576-DCC

**OPINION AND ORDER**

This matter is before the Court on Defendant Limestone University's ("Defendant Limestone") Partial Motion to Dismiss. ECF No. 38. Plaintiffs filed a Response in Opposition, and Defendant Limestone filed a Reply. ECF Nos. 55, 65. For the reasons set forth below, Defendant Limestone's Partial Motion to Dismiss is granted.

**BACKGROUND**

This case arises from incidents occurring in September 2013 in Gaffney, South Carolina. ECF No. 14 at 2, 5. Plaintiffs include student-athletes at the University of Montevallo in Shelby County, Alabama at the time the incidents occurred and their spouses. *Id.* at 2. In August 2012, Defendant Limestone hired Defendant Collins Murphy ("Defendant Murphy") in its athletic and recreation department with the alleged consent of two Directors of Human Resources for Defendant Limestone, Sharon Hammonds ("Defendant Hammonds") and Brenda F. Watkins ("Defendant Watkins"). *Id.* at 4. On September 21, 2013, Defendant Murphy allegedly secretly placed a video camera in the

locker room on campus designated for the student-athlete Plaintiffs' use and recorded them while dressing and showering without their knowledge or consent. *Id.* at 9. At some time in 2019, the recordings of the student-athlete Plaintiffs were uploaded and disseminated to numerous pornographic websites. *Id.* at 6.

On October 12, 2022, Plaintiffs filed a Complaint against Defendants in the Court of Common Pleas in Cherokee County, South Carolina. ECF No. 1-1. Plaintiffs alleged eight causes of action including invasion of privacy, intentional infliction of emotional distress ("IIED"), negligent hiring, negligent supervision, gross negligence, loss of consortium, false light, and civil conspiracy. *Id.* at 11–19. On October 15, 2022, Defendants removed this case to federal court. ECF No. 1. On December 7, 2022, Plaintiffs amended their Complaint to include causes of action for wrongful appropriation of personality, wrongful publicizing of public affairs,[1] wrongful intrusion upon private affairs, IIED, negligent hiring, negligent supervision, gross negligence, loss of consortium, civil conspiracy, and negligence per se. ECF No. 14 at 7–20. Defendants filed their Answers in March 2023. ECF Nos. 39, 41, 43, 48. In Defendant Limestone's Answer, Defendant Limestone asserted crossclaims against Defendant Murphy for indemnification, fraud, constructive fraud, fraudulent concealment, negligent misrepresentation, trespass, and breach of duties of employee. ECF No. 39 at 47–58. On March 6, 2023, Defendant Limestone, Defendant Hammonds, and Defendant Watkins filed separate Partial Motions to Dismiss for Failure to State a Claim. ECF Nos. 38, 40, 42. On April 3, 2023, Plaintiffs filed Responses in Opposition, and on April 17, 2023,

---

[1] This appears to be a scrivener's error. The Court will refer to this cause of action as wrongful publicizing of private affairs given the allegations in support of the cause of action.

2

Defendant Limestone, Defendant Hammonds, and Defendant Watkins filed Replies. ECF Nos. 54, 55, 65, 66, 67. Accordingly, this matter is ripe for review.

## APPLICABLE LAW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). In a Rule 12(b)(6) motion, the court is obligated "to assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in the light most favorable to the nonmoving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id*.

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## **DISCUSSION**

**I.     Intentional Torts – Invasion of Privacy Torts and IIED**

Defendant Limestone contends that some of Plaintiffs' claims constituting intentional torts— invasion of privacy constituting appropriation of personality (Count 1), invasion of privacy constituting wrongful publicizing of private affairs (Count 2), invasion of privacy constituting wrongful intrusion upon private affairs (Count 3), and IIED (Count 4)—should be dismissed as to Defendant Limestone because Plaintiffs failed to plausibly allege that Defendant Murphy was acting in the scope of his employment when he allegedly secretly recorded the student-athlete Plaintiffs.  ECF No. 38-1 at 6.  Defendant Limestone contends that Plaintiffs' argument that Defendant Murphy was carrying out activities in furtherance of Defendant Limestone's business, ECF No. 14 at 7–14, is without merit because no facts in the pleadings suggest that secretly recording student-athletes and uploading videos to the internet are in furtherance of Defendant Limestone's business as a Christian institution of higher learning,  ECF No. 38-1 at 11.  Defendant Limestone contends that Plaintiffs' allegations that Defendants Limestone, Watkins, and Hammonds failed to investigate Defendant Murphy and take action to prevent the recordings, ECF No. 14 at 8–11, are appropriate for negligence causes of action, i.e., negligent hiring and negligent supervision, ECF No. 38-1 at 11–12.  Defendant Limestone argues that respondeat superior is not by itself a cause of action but rather a theory of liability.  *Id.* at 8.

Moreover, Defendant Limestone contends that Plaintiffs' claims involving intentional torts should be dismissed as to the uploading of the recordings to the internet because Defendant Limestone did not employ Defendant Murphy at the time the recordings were uploaded in 2019 and thus, Defendant Murphy did not act within the

4

scope of his employment. *Id.* at 14. Defendant Limestone contends that the tort of wrongful appropriation of personality under South Carolina law requires that a party profit from another's "name, likeness, or identity" and that Plaintiffs failed to plead any fact that supports an inference that Defendant Limestone attempted to profit from Defendant Murphy's actions. *Id.* at 16–17. Defendant Limestone contends that the tort of wrongful publicizing of private affairs under South Carolina law requires publication, and Plaintiffs failed to plead facts allowing the Court to draw a reasonable inference that Defendant Limestone directly publicized the private matters or that Defendant Murphy acted as Defendant Limestone's employee when he allegedly publicized the private matters. *Id.* at 14–16. Further, Defendant Limestone argues that the tort of wrongful intrusion into private affairs fails because of the absence of an employee/employer relationship between Defendant Murphy and Defendant Limestone when the recordings were uploaded to the internet and when Plaintiffs discovered that Defendant Murphy recorded them on October 13, 2019. ECF Nos. 14 at 7; 38-1 at 18. Defendant Limestone contends that it cannot he held vicariously liable for IIED because Defendant Murphy's conduct occurred outside the scope of employment. ECF No. 38-1 at 19.

Plaintiffs contend that they have adequately stated causes of actions for their intentional torts claims as to Defendant's Murphy's conduct while employed by Defendant Limestone because Defendant Limestone allegedly designated Defendant Murphy as being responsible for preparing locker rooms for student-athletes and, as a result, Defendant Murphy acted at Defendant Limestone's direction when he accessed visiting female athletic locker rooms at various points in time. ECF No. 55 at 5–6. Plaintiffs contend that Defendant Limestone knew that Defendant Murphy allegedly had a history

5

of secretly recording female students in stages of undress and failed to investigate whether Defendant Murphy made any such illegal recordings on its campus while in its employment. *Id.* at 6–7. Plaintiffs contend that an employer can be held liable for its employee's intentional torts and the question of whether Defendant Murphy was acting within the scope of his employment should be left to the jury. *Id.* at 8.

In addition, Plaintiffs argue that they sufficiently alleged a cause of action for wrongful appropriation of personality because Defendant Limestone allegedly "had a financial incentive to avoid any publicity or disclosure of the facts surrounding [Defendant] Murphy's employment, the facilities that he was directed to access, the nature of his access, and the potential exposure of numerous visiting female athletes to his conduct." *Id.* at 10. Plaintiffs contend that they have sufficiently alleged a cause of action for wrongful publicizing of private affairs because the totality of Defendant Limestone's conduct amounts to acts and omissions that proximately caused the publication of the recordings. *Id.* Further, Plaintiffs argue that they have sufficiently alleged a cause of action for wrongful intrusion upon private affairs because Plaintiffs have alleged that Defendant Limestone intentionally failed to investigate and alert law enforcement of the allegedly substantial risk that Defendant Murphy illegally recorded the student-athlete Plaintiffs while in the locker room facility. *Id.* at 9. Lastly, Plaintiffs contend that they have sufficiently alleged a cause of action for IIED because Plaintiffs alleged that the unauthorized recording of the student-athlete Plaintiffs resulted in IIED, and Plaintiffs sustained injuries as a direct and proximate result of Defendant Limestone's wrongful conduct. *Id.* at 12.

With respect to the uploading of the recordings to the internet, Plaintiffs concede

that Defendant Limestone no longer employed Defendant Murphy when the recordings were uploaded to the internet but maintain that Defendant Limestone employed Defendant Murphy when he initially made the recordings of the student-athlete Plaintiffs. *Id.* at 6. Plaintiffs argue that Defendant Limestone should not escape liability because it did not employ Defendant Murphy when the recordings were uploaded to the internet. *Id.* at 8. Plaintiffs assert that South Carolina law recognizes concurring or contributing proximate cause, and the date of upload is inconsequential. *Id.* In response, Defendant Limestone contends that to the extent Plaintiffs make references to concurring or contributory proximate cause, such theories only apply to negligence causes of action, not intentional torts. ECF No. 65 at 2.

Having reviewed the arguments and submissions of the parties, the Court grants Defendant Limestone's Partial Motion to Dismiss as to Plaintiffs' claims constituting intentional torts. In South Carolina, an employer may be held liable for the intentional torts of its employee so long as the employee is acting within the scope of his employment. *Crittenden v. Thompson-Walker Co., Inc.*, 341 S.E.2d 385, 387 (S.C. Ct. App. 1986). In determining whether an employee's conduct is within the scope of his employment, "South Carolina courts have adopted the 'motive' or 'purpose' test[.]" *Childress v. United States*, C.A. No. 3:07-cv-03312-RJC, 2008 WL 6716458, at *3 (D.S.C. Mar. 13, 2008). "If the servant is doing some act in furtherance of the master's business, he will be regarded as acting within the scope of his employment, although he may exceed his authority." *Cantrell v. Claussen's Bakery*, 174 S.E. 438, 440 (S.C. 1934). "[A] servant's intentional tort may be within the scope of his employment if the purpose

7

benefits the employer, even if the actions exceed his authority." *Childress*, 2008 WL 6716458, at *3.

Here, Plaintiffs have failed to sufficiently allege that Defendant Limestone is vicariously liable for Defendant Murphy's alleged recording of the student-athlete Plaintiffs in September 2013. While in South Carolina an employer may be liable for the intentional torts of its employee, in carrying out the intentional tort, the employee must be acting in furtherance of the employer's business. *Cantrell*, 174 S.E. at 440; *see also Crittenden*, 341 S.E.2d at 387 (stating that "if the servant acts for some independent purpose of his own, wholly disconnected with the furtherance of his master's business, his conduct falls outside the scope of his employment") (citing *Hancock v. Aiken Mills*, 185 S.E. 188 (S.C. 1936); *Hyde v. S. Grocery Stores*, 15 S.E.2d 353 (S.C. 1941)). In *Crittenden*, the Supreme Court of South Carolina held an employer liable for the intentional tort of its employee by relying upon, in part, the fact that the employee committed the tort to coerce a customer's payment. *Crittenden*, 341 S.E.2d at 388. No facts as alleged in the Amended Complaint suggest that Defendant Murphy allegedly recorded the student-athlete Plaintiffs for any purpose in furtherance of Defendant Limestone's business.

In addition, the Court finds *Park v. Southeast Service Corp.* to be analogous to the present case. 771 F. Supp. 2d 588, 589 (D.S.C. 2011). In *Park*, the plaintiff filed suit against the defendant, a janitorial services company, because its employee placed "a hidden video camera in one of [a middle] school's faculty lounges, which was positioned to record female employees of the school using the restroom." *Id.* In granting the defendant's motion to dismiss as to the plaintiff's claims for wrongful intrusion into private affairs and IIED, the court held that:

> [T]he surreptitious videotaping of Plaintiff using the restroom is not an act that can reasonably be considered to have been done with the purpose of in some way furthering Defendant's business, which is to provide janitorial services to the school at which Plaintiff worked. . . . Here, the court finds that the only appropriate way to view [the employee's] acts are as a temporary suspension of the master-servant relationship, for which [the employee] himself is solely liable.

*Id.* at 593.  Likewise, in the present case, Defendant Murphy's alleged recording of the student-athlete Plaintiffs cannot be reasonably interpreted as furthering Defendant Limestone's business as a Christian institution of higher learning, and such actions temporarily suspended the employee/employer relationship.[2]

With respect to Defendant Limestone's vicarious liability for intentional torts based on the uploading of the recordings to the internet, neither party disputes that Defendant Limestone did not employ Defendant Murphy when the recordings were uploaded.  ECF Nos. 38-1 at 14; 55 at 6.  As a result, Defendant Limestone cannot be vicariously liable because no employee/employer relationship existed between Defendant Limestone and Defendant Murphy when the recordings were uploaded to the internet.  While Plaintiffs argue that Defendant Murphy's recording of the student-athlete Plaintiffs proximately caused the uploading or publication of the recordings to the internet, such a theory of liability is reserved for negligence, not intentional torts.  *See J.T. Baggerly v. CSX Transp., Inc.*, 635 S.E.2d 97, 101 (S.C. 2006) (stating that "it is not necessary to prove that the defendant's *negligence* was the sole proximate cause of the injury. . . . Instead, it is

---

[2] The parties dispute whether Defendant Limestone's conduct satisfies the elements of the underlying intentional torts.  However, Defendant Limestone's liability is only premised upon respondeat superior.  As the Court has found Defendant Limestone is not vicariously liable for the intentional torts as discussed above, the Court declines to address the underlying elements.

9

sufficient if the evidence establishes that the defendant's negligence is a 'concurring or a contributing proximate cause.'" (emphasis added) (citations omitted). Accordingly, Defendant Limestone's Partial Motion to Dismiss as to Plaintiffs' claims constituting intentional torts related to invasion of privacy and IIED is granted.

## II.     Civil Conspiracy

Defendant Limestone contends that Plaintiffs' claim for civil conspiracy should be dismissed because Plaintiffs failed to allege that Defendant Limestone intended to harm Plaintiffs as civil conspiracy is an intentional tort that requires a specific intent. ECF No. 38-1 at 19–20. Defendant Limestone refutes Plaintiffs' allegation that "Defendants combined, agreed, and/or conspired for the purpose of creating and trafficking sexually lewd content[.]" ECF Nos. 14 at 18; 38-1 at 19.

In contrast, Plaintiffs contend that Defendant Limestone's alleged failure to investigate and alert law enforcement to the risk that Defendant Murphy recorded the student-athlete Plaintiffs increased the likelihood that Plaintiffs would suffer harm. ECF No. 55 at 14. Plaintiffs contend that Defendant Limestone acted with plausible motivations[3] in allegedly failing to investigate and alert law enforcement and that

---

[3] With respect to Plaintiffs' claim for wrongful appropriation of personality, they contend the following:

> [Defendant] Limestone had a financial incentive to avoid any publicity or disclosure of the facts surrounding [Defendant] Murphy's employment, the facilities that he was directed to access, the nature of his access, and the potential exposure of numerous visiting female athletes to his conduct. To that end, the Plaintiffs have alleged that [Defendant] Limestone willfully failed to investigate, adequately investigate, or to disclose the substantial likelihood of harm caused by [Defendant] Murphy on its campus by virtue of the access it provided to him. There are clearly financial motives alleged,

10

Defendant Limestone's actions constitute overt acts "that combined with the actions of the other Defendants to result in the harm to the Plaintiffs." *Id.*

Defendant Limestone contends that although Plaintiffs use the word "combined" in their claim for civil conspiracy, Plaintiffs failed to allege how Defendant Limestone's conduct combined with the conduct of other Defendants to form a conspiracy. ECF No. 65 at 11. Defendant Limestone contends that because Plaintiffs failed to allege an agreement between Defendant Limestone and other Defendants, they cannot identify an overt act in furtherance of the agreement. *Id.* Defendant Limestone argues that Plaintiffs' claim for civil conspiracy should be dismissed because it is a repackaged version of other claims in the Amended Complaint. *Id.* Defendant Limestone further contends that Plaintiffs failed to allege a factual basis to support that Defendant Limestone acted with an intent to harm Plaintiffs. *Id.* at 12.

Having reviewed the arguments and submissions of the parties, the Court finds that Plaintiffs' claim for civil conspiracy should be dismissed. In South Carolina, to state a claim for civil conspiracy, a plaintiff "must establish (1) the combination or agreement of two or more persons, (2) to commit an unlawful act by unlawful means, (3) together with the commission of an overt act in furtherance of the agreement, and (4) damages proximately resulting to the plaintiff." *Paradis v. Charleston Cnty. Sch. Dist.*, 861 S.E.2d 774, 780 (S.C. 2021), *reh'g denied*, (Aug. 18, 2021) (citations omitted). "In order to

---

> even though the financial benefit to [Defendant] Limestone may be in the form of losses avoided as opposed to the financial gain alleged against [Defendants] Murphy and MG Freesites.

ECF No. 55 at 10.

establish a conspiracy, evidence, either direct or circumstantial, must be produced for which a party may reasonably infer the joint assent of the minds of two or more parties to the prosecution of the unlawful enterprise." *Cowburn v. Leventis*, 619 S.E.2d 437, 453 (S.C. Ct. App. 2005) (citing *First Union Nat'l Bank of S.C. v. Soden*, 511 S.E.2d 372, 383 (S.C. Ct. App. 1998)).  In addition, "[c]ivil conspiracy requires a specific intent to injure the plaintiff." *Sizemore v. Georgia-Pacific Corp.*, C.A. Nos. 6:94-2894, 6:94-2895 3, and 6:94-2896 3, 1996 WL 498410, at *13 (D.S.C. Mar. 22, 1996) (citing *Bivens v. Watkins*, 437 S.E.2d 132, 136 (S.C. Ct. App. 1993)).  Moreover, "the primary inquiry in civil conspiracy is whether the principal purpose of the combination is to injure the plaintiff." *Allegro, Inc. v. Scully*, 791 S.E.2d 140, 144 (S.C. 2016) *abrogated in part by Hall v. UBS Fin. Servs. Inc.*, 866 S.E.2d 337 (S.C. 2021) (citing *Pye v. Estate of Fox*, 633 S.E.3d 505, 511 (S.C. 2006)).  A civil conspiracy claim must also "plead additional facts in furtherance of the conspiracy separate and independent from other wrongful acts alleged in the complaint, and the failure to properly plead such acts will merit the dismissal of the claim." *SouthStar Fin., LLC v. T-Zone Health, Inc.*, C.A. No. 2:21-cv-02511-DCN, 2021 WL 5235223, at *5 (D.S.C. Nov. 10, 2021) (quoting *Coker v. Norwich Com. Grp., Inc.*, 2021 WL 4037472, at *5 (D.S.C. Sept. 3, 2021)).

      Here, Plaintiffs failed to sufficiently allege that Defendant Limestone engaged in a civil conspiracy with other Defendants.  A civil conspiracy claim requires a plaintiff to establish "the combination or agreement of two or more persons." *Paradis*, 861 S.E.2d at 780.  In their Amended Complaint, Plaintiffs alleged that "Defendants combined, agreed, and/or conspired for the purpose of creating and trafficking sexually lewd content[.]" ECF No. 14 at 18.  However, such a general allegation fails to establish how

Defendant Limestone's conduct combined with the conduct of other Defendants or the existence of an agreement between Defendant Limestone and other Defendants. Plaintiffs have further failed to allege facts that would allow a party to infer a joint assent between Defendant Limestone and another Defendant to engage in unlawful conduct.[4] Neither have Plaintiffs alleged Defendant Limestone's specific intent to injure Plaintiffs. With respect to Plaintiffs' allegation that Defendant Limestone engaged in a civil conspiracy because of its decision to assign locker room access to Defendant Murphy and its alleged failure to properly investigate and alert law enforcement, *id.* at 19, Plaintiffs' allegation does not plead additional facts separate and apart from Plaintiffs' claims for wrongful appropriation of personality, wrongful publicizing of private affairs, wrongful intrusion upon private affairs, and IIED, *id.* at 7–14.  Accordingly, Defendant Limestone's Partial Motion to Dismiss as to Plaintiffs' claim for civil conspiracy is granted.

## CONCLUSION

For the reasons set forth above, Defendant Limestone's Partial Motion to Dismiss [38] is **GRANTED**.

IT IS SO ORDERED.

**s/ Donald C. Coggins, Jr.**
United States District Judge

---

[4] Plaintiffs also allege the following:

> [D]efendants combined in a plan, scheme, conspiracy and/or manner and course of conduct, pursuant to which they knowingly or recklessly engaged in overt acts, omissions, transactions, practices and courses of business which resulted in the surreptitious and illegal filming of the Plaintiffs; the publication, republication and dissemination of the resulting videos; and the monetization of illegally obtained content.

ECF No. 14 at 19.  This allegation fails for the same reasons set forth above.

January 8, 2024
Spartanburg, South Carolina