IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Jane Doe 1, Jane Doe 2, John Doe 1, and John Doe 2, | ) ) | C.A. No. 7:22-cv-03576-DCC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Collins Murphy, Limestone University, Brenda F. Watkins, Sharon Hammonds, and MG Freesites, LTD. d/b/a Pornhub.com, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant Sharon Hammonds ("Defendant Hammonds") and Defendant Brenda F. Watkins's ("Defendant Watkins") Partial Motions to Dismiss. ECF Nos. 40, 42. Plaintiffs filed a Response in Opposition, and Defendants Hammonds and Watkins filed Replies. ECF Nos. 54, 66, 67. For the reasons set forth below, Defendants Hammonds's and Watkins's Partial Motions to Dismiss are granted.

## BACKGROUND

This case arises from incidents occurring in September 2013 in Gaffney, South Carolina. ECF No. 14 at 2, 5. Plaintiffs include student-athletes at the University of Montevallo in Shelby County, Alabama at the time the incidents occurred and their spouses. *Id.* at 2. In August 2012, Defendant Limestone hired Defendant Collins Murphy ("Defendant Murphy") in its athletic and recreation department with the alleged consent of two Directors of Human Resources for Defendant Limestone, Sharon Hammonds ("Defendant Hammonds") and Brenda F. Watkins ("Defendant Watkins"). *Id.* at 4. On

September 21, 2013, Defendant Murphy allegedly secretly placed a video camera in the locker room on campus designated for the student-athlete Plaintiffs' use and recorded them while dressing and showering without their knowledge or consent. *Id.* at 9. At some time in 2019, the recordings of the student-athlete Plaintiffs were uploaded and disseminated to numerous pornographic websites. *Id.* at 6.

On October 12, 2022, Plaintiffs filed a Complaint against Defendants in the Court of Common Pleas in Cherokee County, South Carolina. ECF No. 1-1. Plaintiffs alleged eight causes of action including invasion of privacy, intentional infliction of emotional distress ("IIED"), negligent hiring, negligent supervision, gross negligence, loss of consortium, false light, and civil conspiracy. *Id.* at 11–19. On October 15, 2022, Defendants removed this case to federal court. ECF No. 1. On December 7, 2022, Plaintiffs amended their Complaint to include causes of action for wrongful appropriation of personality, wrongful publicizing of public affairs,[1] wrongful intrusion upon private affairs, IIED, negligent hiring, negligent supervision, gross negligence, loss of consortium, civil conspiracy, and negligence per se. ECF No. 14 at 7–20. Defendants filed their Answers in March 2023. ECF Nos. 39, 41, 43, 48. On March 6, 2023, Defendant Limestone, Defendant Hammonds, and Defendant Watkins filed separate Partial Motions to Dismiss for Failure to State a Claim. ECF Nos. 38, 40, 42. On April 3, 2023, Plaintiffs filed Responses in Opposition, and on April 17, 2023, Defendant Limestone, Defendant Hammonds, and Defendant Watkins filed Replies. ECF Nos. 54, 55, 65, 66, 67. Accordingly, this matter is ripe for review.

---

[1] This appears to be a scrivener's error. The Court will refer to this cause of action as wrongful publicizing of private affairs given the allegations in support of the cause of action.

## APPLICABLE LAW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). In a Rule 12(b)(6) motion, the court is obligated "to assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in the light most favorable to the nonmoving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id*.

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## DISCUSSION

Defendants Hammonds and Watkins contend that count eight of Plaintiffs' Amended Complaint—civil conspiracy—should be dismissed as to them because

3

Plaintiffs failed to allege that Defendants Hammonds and Watkins acted intentionally to cause harm to Plaintiffs.  ECF No. 40-1.[2]  Defendants Hammonds and Watkins contend that Plaintiffs failed to allege that they acted with an intent to harm Plaintiffs or that they came to an agreement with another member of the alleged conspiracy.  *Id.* at 5.  Further, Defendants Hammonds and Watkins argue that Plaintiffs' allegation that Defendant Limestone's act of granting Defendant Murphy access to the locker room facilities on its campus "combined with the conduct of the other Defendants in a manner wrongfully causing harm to the Plaintiffs[,]" ECF No. 14 at 19, is an attempt by Plaintiffs to repackage a claim for negligent hiring and supervision as a claim for civil conspiracy.  ECF No. 40-1 at 5.

In contrast, Plaintiffs rely on paragraphs 119 and 120 of their Amended Complaint, which state:

> 119.   During period alleged in this Complaint, defendants combined in a plan, scheme, conspiracy and/or manner and course of conduct, pursuant to which they knowingly or recklessly engaged in overt acts, omissions, transactions, practices and courses of business which resulted in the surreptitious and illegal filming of the Plaintiffs; the publication, republication and dissemination of the resulting videos; and the monetization of illegally obtained content. Such scheme was intended to, and, throughout timeframe alleged in this Complaint, did create content that was published on the Defendant Pornhub's website and numerous other websites which exposed Plaintiffs to viewers on the internet for profit and/or other benefit to the Defendants.
>
> 120.   Defendant Limestone's assignment of visiting female athletic teams to male locker room facilities for sporting

---

[2] While Defendants Hammonds and Watkins filed separate Partial Motions to Dismiss, ECF Nos. 40, 42, and separate Replies, ECF Nos. 66, 67, the Court will only reference one Motion and one Reply throughout the discussion section of this Order, given that Defendants Hammonds and Watkins are represented by the same counsel and the pleadings are identical other than Defendants' names.

> events, granting unfettered access to facilities used for female
> athletes to dress and undress, on numerous occasions, to a
> male employee, and its wrongful failure to investigate,
> adequately investigate, or disclose relevant information to
> appropriate parties, individuals, and/or authorities, or take
> other action to prevent the videotaping and/or uploading,
> combined with the conduct of the other Defendants in a
> manner wrongfully causing harm to the Plaintiffs.

ECF Nos. 14 at 19; 54 at 7.  Plaintiffs contend that Defendants Hammonds and Watkins's

acts and omissions as set forth in the Amended Complaint "reflect a combining and

contributing cause of the harm caused to Plaintiffs." *Id.*  Plaintiffs contend that Defendants

Hammonds and Watkins failed to investigate Defendant Murphy and alert law

enforcement, which "enabled the exact type of harm Plaintiffs suffered in this case." *Id.*

at 7–8.  Plaintiffs further argue that Defendants Hammonds and Watkins failed to

investigate and alert law enforcement because of "obvious motivations[,]" and such

actions constituted overt acts that combined with prior actions of other Defendants to

harm Plaintiffs. *Id.* at 8.

In response, Defendants Hammonds and Watkins contend that Plaintiffs failed to

allege specific facts detailing the alleged arrangement constituting the civil conspiracy or

the actions Defendants Hammonds and Watkins took in furtherance of the conspiracy.

ECF No. 66 at 2.  Defendants Hammonds and Watkins contend that Plaintiffs "cannot rely

on conclusory or speculative allegations to sustain a conspiracy claim that otherwise

merely reincorporate[] wrongful acts related to other causes of action." *Id.* at 3.

Having reviewed the arguments and submissions of the parties, the Court finds

that Plaintiffs' claim for civil conspiracy should be dismissed.  In South Carolina, to state

a claim for civil conspiracy, a plaintiff "must establish (1) the combination or agreement of

two or more persons, (2) to commit an unlawful act by unlawful means, (3) together with

the commission of an overt act in furtherance of the agreement, and (4) damages proximately resulting to the plaintiff." *Paradis v. Charleston Cnty. Sch. Dist.*, 861 S.E.2d 774, 780 (S.C. 2021), *reh'g denied*, (Aug. 18, 2021) (citations omitted).  "In order to establish a conspiracy, evidence, either direct or circumstantial, must be produced for which a party may reasonably infer the joint assent of the minds of two or more parties to the prosecution of the unlawful enterprise." *Cowburn v. Leventis*, 619 S.E.2d 437, 453 (S.C. Ct. App. 2005) (citing *First Union Nat'l Bank of S.C. v. Soden*, 511 S.E.2d 372, 383 (S.C. Ct. App. 1998)).  In addition, "[c]ivil conspiracy requires a specific intent to injure the plaintiff." *Sizemore v. Georgia-Pacific Corp.*, C.A. Nos. 6:94-2894-GRA, 6:94-2895-GRA, and 6:94-2896-GRA, 1996 WL 498410, at *13 (D.S.C. Mar. 22, 1996) (citing *Bivens v. Watkins*, 437 S.E.2d 132, 136 (S.C. Ct. App. 1993)).  Moreover, "the primary inquiry in civil conspiracy is whether the principal purpose of the combination is to injure the plaintiff." *Allegro, Inc. v. Scully*, 791 S.E.2d 140, 144 (S.C. 2016) *abrogated in part by Hall v. UBS Fin. Servs. Inc.*, 866 S.E.2d 337 (S.C. 2021) (citing *Pye v. Estate of Fox*, 633 S.E.3d 505, 511 (S.C. 2006)).  A civil conspiracy claim must also "plead additional facts in furtherance of the conspiracy separate and independent from other wrongful acts alleged in the complaint, and the failure to properly plead such acts will merit the dismissal of the claim." *SouthStar Fin., LLC v. T-Zone Health, Inc.*, C.A. No. 2:21-cv-02511-DCN, 2021 WL 5235223, at *5 (D.S.C. Nov. 10, 2021) (quoting *Coker v. Norwich Com. Grp., Inc.*, 2021 WL 4037472, at *5 (D.S.C. Sept. 3, 2021)).

Here, Plaintiffs failed to sufficiently allege that Defendants Hammonds or Defendant Watkins engaged in a civil conspiracy with other Defendants.  A civil conspiracy claim requires a plaintiff to establish "the combination or agreement of two or

more persons." *Paradis*, 861 S.E.2d at 780.   In their Amended Complaint, Plaintiffs alleged that "Defendants combined, agreed, and/or conspired for the purpose of creating and trafficking sexually lewd content[.]"  ECF No. 14 at 18.  However, such a general allegation fails to establish how Defendant Hammonds or Defendant Watkins's conduct combined with the conduct of other Defendants or the existence of an agreement between Defendants Hammonds or Defendant Watkins and other Defendants.   Plaintiffs have further failed to allege facts that would allow a party to infer a joint assent between Defendants Hammonds or Defendant Watkins and another Defendant to engage in unlawful conduct.[3]   Neither have Plaintiffs alleged Defendant Hammonds or Defendant Watkins's specific intent to injure Plaintiffs.   With respect to Plaintiffs' allegation that Defendants Hammonds and Watkins engaged in a civil conspiracy because of Defendant Limestone's decision to assign locker room access to Defendant Murphy and Defendant Hammonds and Defendant Watkins's alleged failure to properly investigate and alert law enforcement, *id.* at 19, Plaintiffs' allegation does not plead additional facts separate and apart from Plaintiffs' claims for wrongful appropriation of personality, wrongful publicizing of private affairs, wrongful intrusion upon private affairs, and IIED, *id.* at 7–14.

---

[3] Plaintiffs also allege the following:

> [D]efendants combined in a plan, scheme, conspiracy and/or manner and course of conduct, pursuant to which they knowingly or recklessly engaged in overt acts, omissions, transactions, practices and courses of business which resulted in the surreptitious and illegal filming of the Plaintiffs; the publication, republication and dissemination of the resulting videos; and the monetization of illegally obtained content.

ECF No. 14 at 19.  This allegation fails for the same reasons set forth above.

Accordingly, Defendants Hammonds and Watkins's Partial Motion to Dismiss as to Plaintiffs' claim for civil conspiracy is granted.

## CONCLUSION

For the reasons set forth above, Defendants Hammonds and Watkins's Partial Motions to Dismiss [40] [42] are **GRANTED**.

IT IS SO ORDERED.

**s/ Donald C. Coggins, Jr**.
United States District Judge

January 8, 2024
Spartanburg, South Carolina